IN THE DISTRICT COURT OF THE UNITED STATES
DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | CRIMINAL NO.: 2:12-0232 |
| | ) | |
| | ) | 21 U.S.C. § 841(a)(1) |
| vs. | ) | 21 U.S.C. § 841(b)(1)(A) |
| | ) | 21 U.S.C. § 841(b)(1)(C) |
| | ) | 21 U.S.C. § 846 |
| IVORY BROTHERS | ) | 18 U.S.C. § 924(a)(2) |
|    a/k/a "BJ" | ) | 18 U.S.C. § 924(e) |
| KYEDRICK EDWARDS | ) | 18 U.S.C. § 924(d)(i) |
|    a/k/a "Gangsta Grill" | ) | 18 U.S.C. § 924(a)(2) |
| JONATHAN EDWARDS | ) | 18 U.S.C. § 924(c)(1)(A)(i) |
|    a/k/a "Big Boo" | ) | 18 U.S.C. § 924(e) |
| JOEY MAURICE CHARLES | ) | 18 U.S.C. § 924(d)(1) |
|    a/k/a "Reece" | ) | 18 U.S.C. § 981(a)(1)(C) |
|    a/k/a "Joey Goff" | ) | 18 U.S.C. § 982(a)(1) |
| TIFFANY ELLIOT | ) | 21 U.S.C. § 853(a)(1) |
| PAUL STEVE BRAXTON | ) | 21 U.S.C. § 853(a)(2) |
| EDWARD BRYANT | ) | 21 U.S.C. § 881(a)(11) |
|    a/k/a "Eddie" | ) | 28 U.S.C. § 2461(c) |
| BRYANT DAVIS | ) | |
|    a/k/a "B-Down" | ) | |
| ROCKY CREEL | ) | **SUPERSEDING INDICTMENT** |
| ELIJAH DEAL | ) | |
| GERWRON LINGARD | ) | |
|    a/k/a "Juvie" | ) | |
| JERRY RIVERS | ) | |
|    a/k/a "J-Bo" | ) | |
| CHARLES YOUMANS | ) | |
|    a/k/a "Chachi" | ) | |
| MARTIN LOUIS BALLARD | ) | |
| NORMAN ROBINSON | ) | |
| YVETTE RENEE CALVIN | ) | |
| STEVEN CHASE MOSLEY | ) | |
|    a/k/a "Big-C" | ) | |
| | ) | |

## COUNT 1

THE GRAND JURY CHARGES:

Beginning at a time unknown to the Grand Jury, but beginning at least in or around January 2011 and continuing thereafter, up to and including the date of this Superseding Indictment, in the District of South Carolina, the Defendants, **IVORY BROTHERS, a/k/a "BJ"; KYEDRICK EDWARDS, a/k/a "Gangsta Grill"; JONATHAN EDWARDS, a/k/a "Big Boo"; JOEY MAURICE CHARLES, a/k/a "Reece," a/k/a "Joey Goff"; TIFFANY ELLIOT; PAUL STEVE BRAXTON; EDWARD BRYANT, a/k/a "Eddie"; BRYANT DAVIS, a/k/a "B-Down"; ROCKY CREEL; ELIJAH DEAL; GERWRON LINGARD, a/k/a "Juvie"; JERRY RIVERS, a/k/a "J-Bo"; CHARLES YOUMANS, a/k/a "Chachi"; MARTIN LOUIS BALLARD; NORMAN ROBINSON; YVETTE RENEE CALVIN; and STEVEN CHASE MOSLEY, a/k/a "Big-C"**, knowingly and intentionally did combine, conspire and agree and have tacit understanding with each other and others, both known and unknown to the grand jury, to knowingly, intentionally and unlawfully possess with intent to distribute and distribute cocaine and cocaine base (commonly known as "crack" cocaine), both Schedule II controlled substances, said conspiracy involving 5 kilograms or more of cocaine and 280 grams or more of cocaine base, in violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(A);

All in violation of Title 21, United States Code, Section 846.

## COUNT 2

THE GRAND JURY FURTHER CHARGES:

That on or about January 20, 2011, in the District of South Carolina, the Defendant, **IVORY BROTHERS, a/k/a "BJ"**, knowingly, intentionally, and unlawfully did possess with intent to distribute and did distribute a quantity of cocaine base (commonly known as "crack" cocaine), a Schedule II controlled substance;

In violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(C).

## COUNT 3

THE GRAND JURY FURTHER CHARGES:

That on or about January 27, 2011, in the District of South Carolina, the Defendant, **IVORY BROTHERS, a/k/a "BJ"**, knowingly, intentionally, and unlawfully did possess with intent to distribute and did distribute a quantity of cocaine base (commonly known as "crack" cocaine), a Schedule II controlled substance;

In violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(C).

## COUNT 4

THE GRAND JURY FURTHER CHARGES:

That on or about March 31, 2011, in the District of South Carolina, the Defendant, **IVORY BROTHERS, a/k/a "BJ"**, knowingly, intentionally, and unlawfully did possess with intent to distribute and did distribute a quantity of cocaine base (commonly known as "crack" cocaine), a Schedule II controlled substance;

In violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(C).

## COUNT 5

THE GRAND JURY FURTHER CHARGES:

That on or about May 4, 2011, in the District of South Carolina, the Defendant, **IVORY BROTHERS, a/k/a "BJ"**, knowingly, intentionally, and unlawfully did possess with intent to distribute and did distribute a quantity of cocaine base (commonly known as "crack" cocaine), a Schedule II controlled substance;

In violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(C).

## COUNT 6

THE GRAND JURY FURTHER CHARGES:

That on or about March 19, 2012, in the District of South Carolina, the Defendant, **MARTIN LOUIS BALLARD**, knowingly used and carried a firearm during and in relation to, and possessed a firearm in furtherance of, a drug trafficking crime, which is prosecutable in a court of the United States;

In violation of Title 18, United States Code, Section 924(c)(1)(A)(i).

## COUNT 7

THE GRAND JURY FURTHER CHARGES:

That on or about May 17, 2012, in the District of South Carolina, the Defendant, **STEVEN CHASE MOSLEY, a/k/a "Big-C"**, knowingly, intentionally, and unlawfully did possess with intent to distribute and did distribute a quantity of cocaine base (commonly known as "crack" cocaine), a Schedule II controlled substance;

In violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(C).

**FORFEITURE**

1.  **DRUG TRAFFICKING OFFENSES:**

Upon conviction for one or more violations of Title 18, United States Code, Sections 922(g) and 924, and Title 21, United States Code, Sections 846 and 841(a)(1), as charged in this Superseding Indictment, the Defendants, **IVORY BROTHERS, a/k/a "BJ"; KYEDRICK EDWARDS, a/k/a "Gangsta Grill"; JONATHAN EDWARDS, a/k/a "Big Boo"; JOEY MAURICE CHARLES, a/k/a "Reece," a/k/a "Joey Goff"; TIFFANY ELLIOT; PAUL STEVE BRAXTON; EDWARD BRYANT, a/k/a "Eddie"; BRYANT DAVIS, a/k/a "B-Down"; ROCKY CREEL; ELIJAH DEAL; GERWRON LINGARD, a/k/a "Juvie"; JERRY RIVERS, a/k/a "J-Bo"; CHARLES YOUMANS, a/k/a "Chachi"; MARTIN LOUIS BALLARD; NORMAN ROBINSON; YVETTE RENEE CALVIN; and STEVEN CHASE MOSLEY, a/k/a "Big-C"**, shall forfeit to the United States all of the Defendants' right, title and interest in and to any property, real and personal,

    A.    constituting or derived from any proceeds the Defendants obtained, directly or indirectly, as the result of such violations of Title 21, United States Code, and all property traceable to such property; or

    B.    used or intended to be used, in any manner or part, to commit or to facilitate the commission of such violations of Title 21, United States Code.

    C.    any firearms and ammunition (as defined in 18 U.S.C. § 921) -

        (1)    used or intended to be used to facilitate the transportation, sale, receipt, possession or concealment of controlled substances or any proceeds traceable to such property;

   (2) involved in or used in any knowing violations of 18 U.S.C. §§922 and 924, or violation of any other criminal law of the United States, or intended to be used in a crime of violence;

2.  PROPERTY:

Pursuant to Title 21, United States Code, Sections 853(a)(1) and 853(a)(2), 881(a)(11), Title 18, United States Code, Sections 981(a)(1)(C), 982(a)(1) and 924(d)(1), and Title 28, United States Code, Section 2461(c), the property which is subject to forfeiture upon conviction of the Defendants for offenses charged in this Second Superseding Indictment includes, but is not limited to, the following property:

  A. Proceeds/Money Judgment:

   A sum of money equal to all property the defendants obtained as a result of the drug offenses charged in Count 1 of the Superseding Indictment, that is a minimum of $1,000,000.00 in United States currency, and all interest and proceeds traceable thereto for which the Defendants are jointly and severally liable.

  B. Currency:

   Approximately $26,043.25 in United States currency seized from **MARTIN LOUIS BALLARD**, account number xxxx075 (in name of Martin Trucking, LLC), South Carolina Federal Credit Union, on or about March 23, 2012.

3.  SUBSTITUTION OF ASSETS:

If any of the property described above as being subject to forfeiture, as a result of any act or omission of the Defendants –

  A. cannot be located upon the exercise of due diligence;

B.  has been transferred or sold to, or deposited with, a third person;

C.  has been placed beyond the jurisdiction of the Court;

D.  has been substantially diminished in value; or

E.  has been commingled with other property which cannot be subdivided without difficulty;

it is the intent of the United States, pursuant to Title 21, United States Code, Section 853(p), to seek forfeiture of any other property of the said Defendants up to an amount equivalent to the value of the above-described forfeitable property;

Pursuant to Title 21, United States Code, Sections 853, 881(a)(11), Title 18, United States Code, Sections 981(a)(1)(C), 982(a)(1), 924(d), and Title 28, United States Code, Section 2461(c).

A ___TRUE___ BILL

FOREPERSON

WILLIAM N. NETTLES (ptp)
UNITED STATES ATTORNEY