IN THE DISTRICT COURT OF THE UNITED STATES OF AMERICA
FOR THE DISTRICT COURT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | Criminal Number: 2:12-0232 |
|  | ) |  |
|  | ) |  |
| -versus- | ) |  |
|  | ) |  |
| **IVORY BROTHERS** | ) |  |
|    a/k/a "BJ" | ) |  |
| **KYEDRICK EDWARDS** | ) |  |
|    a/k/a "Gangsta Grill" | ) |  |
| **JONATHAN EDWARDS** | ) |  |
|    a/k/a "Big Boo" | ) |  |
| **JOEY MAURICE CHARLES** | ) |  |
|    a/k/a "Reece" | ) |  |
|    a/k/a "Joey Goff" | ) |  |
| **TIFFANY ELLIOTT** | ) |  |
| **PAUL STEVE BRAXTON** | ) |  |
| **EDWARD BRYANT** | ) |  |
|    a/k/a "Eddie" | ) |  |
| **BRYANT DAVIS** | ) |  |
|    a/k/a B-Down" | ) |  |
| **ROCKY CREEL** | ) |  |
| **ELIJAH DEAL** | ) |  |
| **GERWRON LINGUARD** | ) |  |
|    a/k/a "Juvie" | ) |  |
| **JERRY RIVERS** | ) |  |
|    a/k/a "J-Bo" | ) |  |
| **CHARLES YOUMANS** | ) |  |
|    a/k/a "Chachi" | ) |  |
| **MARTIN LOUIS BALLARD** | ) |  |
| **NORMAN ROBINSON** | ) |  |
| **YVETTE RENEE CALVIN** | ) |  |
| **STEVEN CHASE MOSLEY** | ) |  |
|    a/k/a "Big-C" | ) |  |

**<u>Government's Motion for Juror Voir Dire</u>**

COMES NOW THE UNITED STATES OF AMERICA, by and through its Assistant United States Attorney Peter T. Phillips, respectfully moving this honorable Court to require the defendant(s) to produce a witness list to the Court in order that the jury panel be questioned

during voir dire as to whether any potential juror knows, is related to, or has a business relationship with any of those witnesses. Of course, it is improper to make even an indirect reference to any defendant's failure to testify. See Griffin v. California, 380 U.S. 609 (1965); United States v. Percy, 765 F.2d 1199 (4th Cir. 1985). Therefore, the government also respectfully requests that a single witness list (comprised of the potential witnesses for each side) be read by the court. In this way, the jury panel would only hear the names of the witnesses and not know what party was offering them. In order to further alleviate any potential for prejudice and to eliminate the possibility of potential jurors receiving a wrongful inference, it may also be appropriate for the jury to receive an instruction. Indeed, it is often the practice of trial courts to charge the jury panel, before selection, that it is incumbent upon the government to prove a defendant's guilt beyond a reasonable doubt. They are further instructed that the defendant(s) need not put up any witnesses or even testify.

Thus, the procedure which is proposed by the government functions to allow both sides to explore for potential bias and prejudice. It does not directly or even indirectly implicate the defendant's Fifth Amendment rights, or his right to Due Process.

Further, under the rules of criminal procedure and case law, questioning the panel as to any potential relationship with all of the witnesses is not only permissible, it is necessary. Rule 24(a) of the Federal Rules of Criminal Procedure grants a trial court broad discretion relative to the voir dire examination of prospective jurors. Rosales-Lopez v. United States, 451 U.S. 182 (1981); United States v. Griley, 814 F.2d 967 (4th Cir. 1987). Under Local Rule 4.02, examination of prospective jurors is conducted by the trial judge rather than by counsel. As such, the court "shall permit the defendant or the defendant's attorney and the attorney for the government to supplement the examination by such further inquiry as it deems proper of shall itself submit to the prospective jurors such additional questions by the parties or their attorneys as it deems proper." F.R.Cr.P. 24(a). A trial judge has broad discretion with regard to the content and form of such questions. See United States v. Brooks, 957 F.2d 1138, (4th Cir. 1992) cert. denied 112 S.Ct. 3051 (1992).

Because every litigant is entitled to an impartial jury, parties to the case must be able to insure that the panel is free to the furthest extent practicable from extraneous influences that may subvert the fact finding process. Haley v. Blue Ridge Transfer Co., Inc., 802 F.2d 1532 (4th Cir. 1986). The only way to accomplish this goal is through the voir dire process which functions to allow counsel for each party to test for bias on the part of any juror. Voir dire allows for the "impanelling of a fair and impartial jury through questions which permit the intelligent exercise of challenges by counsel." United States v. Brown, 799 F.2d 134 (4th Cir. 1986). By the same token, voir dire may also serve to expose jurors that must be excused for cause. See Kreuter v. United States, 376 F.2d 654 (3rd Cir. 1965).

Certainly, information as to whether or not any potential juror knows, or is related to, or is a close friend or business associate with a potential witnesses is of vital importance to each party. For that reason, it may be an abuse of discretion for a trial judge to refuse to ask prospective jurors any questions concerning their knowledge of any of the government's witnesses. United States v. Washington, 819 F.2d 221 (9th Cir. 1987). The defendants are entitled to have the question answered as to whether or not any potential relationship exits between a witness and a juror, because only in that way can he have an opportunity to intelligently exercise his peremptory challenges. "Discretion is not properly exercised if the questions are not reasonably sufficient to test the jury for bias or partiality." United States v. Baldwin, 607 F.2d 1295 (9th Cir. 1975).

What is true for the defendant(s) ought apply equally for the prosecution. Even the United States government is entitled to a fair attempt at identifying any potentially biased, or partial jurors. No prejudice would reach the defendant(s) if the court propounded the questions, asking if any on the panel knew any of the parties to the litigation, the witnesses or the attorneys.

> The court, in its initial address to the entire array, briefly described the charges, introduced all the attorneys and defendants, and read the names of every prospective witness and inquired whether the prospective jurors knew or had any relationship any of them.

United States v. Barton, 647 F.2d 224 (2nd Cir. 1981). (Emphasis added).

Because of the inquiry, the Second Circuit held that the trial court in Barton did not abuse its discretion in its conduct of voir dire questioning.

The defendant(s) is/are from the Charleston area, and therefore may have been associated with or known by prospective jurors, either on a personal level or through the educational system. Therefore, it is as possible that the panel is familiar with the defendant(s), the defendant's witnesses as they may be with the witnesses for the prosecution. The government is entitled to know if such a relationship exists, to determine whether or not to move to strike for cause, or to exercise a peremptory strike.

Of course, such an inquiry is of benefit to the defendant(s) as well. It is not inconceivable that one of the defendant's witnesses is known to a potential juror. If that juror is selected, and if the relationship which existed between the witness and the juror was such that the juror would find the witness without credibility, then that fact would have the potential of tainting any verdict. "Challenges for cause are restricted to eliminating bias that is admitted or clearly implied from the connections of the juror with the case or parties." Wright, Federal Practice and Procedure: Criminal 2d '383. The only way to determine the existence or potential for such bias is by asking the entire jury panel whether or not any witness is known to them.

Therefore, the prosecution respectfully requests that the names of any potential witness for each party be read to the panel by the court.

[SIGNATURE BLOCK ON NEXT PAGE]

        Respectfully Submitted,

        WILLIAM N. NETTLES
        UNITED STATES ATTORNEY


    By:  __S/ Peter T. Phillips_____
        Peter T. Phillips
        Assistant United States Attorney
        151 Meeting Street, Suite 200
        Charleston, South Carolina, 29401
        (843) 727-4381



Charleston, South Carolina

__October 24__, 2012